Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Corey Vasquez**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Dan Keen Services, Inc.**, an Arizona company; **Daniel Keen,** an Arizona resident; and **Cleo Keen,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Corey Vasquez ("**Plaintiff**"), for his Verified Complaint against Defendants Dan Keen Services, Inc. ("**Dan Keen Services**"); Daniel Keen; and Cleo Keen (**"Defendants"**), hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or

double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Corey Vasquez resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Corey Vasquez was a full-time employee of Defendants from in or around April 2019 until on or around August 12, 2020.

8. At all relevant times to the matters alleged herein, Plaintiff Corey Vasquez was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Corey Vasquez was a non-exempt employee.

10. Defendant Dan Keen Services is a company authorized to do business in Arizona.

11. Defendant Dan Keen Services was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Daniel Keen is an Arizona resident.

13. Defendant Daniel Keen has directly caused events to take place giving rise to this action.

14. Defendant Daniel Keen is the President of Dan Keen Services.

15. Defendant Daniel Keen is the Director of Dan Keen Services.

16. Defendant Daniel Keen is a manager of Dan Keen Services.

17. Defendant Daniel Keen is an employer of Dan Keen Services.

18. Defendant Daniel Keen has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. Defendant Daniel Keen had the authority to hire and fire employees.

20. Defendant Daniel Keen had the authority to hire and fire Plaintiff.

21. In or around April 2019, Defendant Daniel Keen interviewed and hired Plaintiff.

22. Defendant Daniel Keen supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

23. Defendant Daniel Keen would determine what jobs Plaintiff was assigned to.

24. Defendant Daniel Keen determined the rate and method of Plaintiff's payment of wages.

25. Defendant Daniel Keen gave Plaintiff a raise in September 2019.

26. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Daniel Keen is subject to individual and personal liability under the FLSA.

27. Defendant Cleo Keen is an Arizona resident.

28. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Cleo Keen and Defendant Daniel Keen were legally married.

29. Defendant Cleo Keen and Defendant Daniel Keen have caused events to take place giving rise to this action as to which their marital community is fully liable.

30. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

31. Defendant Cleo Keen supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

32. Defendant Cleo Keen reduced Plaintiff's hours which led to his resignation.

33. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

34. Defendants, and each of them, are sued in both their individual and corporate capacities.

35. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

36. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

37. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

38. At all relevant times, Plaintiff, in his work for Defendants, was engaged in

commerce or the production of goods for commerce.

39. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

40. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

41. Plaintiff used an application called Service Auto Pilot to check his schedule and hours.

42. Plaintiff is a covered employee under individual coverage.

43. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

44. The entity Defendant is a licensed contracting business.

45. In or around April 2019, Plaintiff Corey Vasquez commenced employment with Defendants as a helper.

46. Plaintiff's primary job duties included remodeling, dry walling, and pressure washing.

47. Upon hire, Plaintiff was paid at a rate of $14.00 an hour.

48. In or around September 2019, Plaintiff received a raise to $15.50 an hour.

49. Plaintiff Corey Vasquez routinely worked in excess of 40 hours per week.

50. Defendants would use two different timecards to clock in, so hours would not be calculated above 40 in a given workweek.

51. Plaintiff Corey Vasquez was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

52. For example, during the workweek of June 6, 2020, Plaintiff worked

approximately 47.5 hours.

53. When Plaintiff worked over 40 hours, he was not paid time and a half, and instead, was issued a company check to be on a 1099 and was only paid his hourly rate.

54. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

55. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

56. Defendants required Plaintiff to work overtime as a condition of his employment.

57. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

58. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

59. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

60. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

61. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

62. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

63. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

64. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

65. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

66. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

67. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

68. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

69. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

70. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

71. Defendants have not made a good faith effort to comply with the FLSA.

72. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

      ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 23, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
    14500 N. Northsight Blvd, Suite 133
    Scottsdale, AZ 85260
    Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Corey Vasquez declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Corey Vasquez