**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Vasquez,<br><br>           Plaintiff,<br><br>v.<br><br>Dan Keen Services Incorporated, et al.,<br><br>           Defendants. | No. CV-21-00320-PHX-DLR<br><br>**ORDER** |

      Before the Court is Plaintiff's motion to dismiss, which is fully briefed. (Docs. 17, 25, 29.) The Court will grant Plaintiff's motion for the following reasons.[1]

      Plaintiff's operative complaint brings a collective action against Defendants, his former employer, asserting a single claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 35.) In response, Defendants raise counterclaims against Plaintiff for theft by conversion and fraud. (Doc. 14.) On March 23, 2021, Plaintiff filed a motion to dismiss Defendants' counterclaims for lack of subject matter jurisdiction. Plaintiff's motion is now ripe.

      In certain instances, federal courts may maintain supplemental jurisdiction over counterclaims that have no other basis for jurisdiction. 28 U.S.C. § 1367. Particularly, "a court has jurisdiction over state law claims that are so related to claims brought under the

---

[1] The Court refrains from considering Defendants' exhibits, attached to its response, because reviewing evidence outside the pleadings is inappropriate at the motion to dismiss stage. *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Court's federal question jurisdiction that they form part of the same case or controversy under Article III." *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. 2018) (quotations omitted). To determine whether a counterclaim constitutes part of the same case or controversy, "the Court must determine whether the federal claim and the state claim arise from the same 'common nucleus of operative fact.'" *Id.* (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)). The Ninth Circuit applies the "liberal logical relationship test" which studies "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F. 2d 1246, 1249 (9th Cir. 1987) (citation omitted). In applying the test, the Court assumes the factual allegations in the challenged pleadings are true and draws all reasonable inferences in the non-moving party's favor. *Poehler v. Fenwick*, No. CV-15-1161-JWS, 2015 WL 7299804, at *1 (D. Ariz. Nov. 19, 2015).

There is no independent basis for the Court's jurisdiction over Defendants' counterclaims, which arise under state law. Furthermore, it would be inappropriate to exercise supplemental jurisdiction over Defendants' counterclaims. Notably, considerations of judicial economy and fairness do not dictate that these issues be resolved in one lawsuit. Discovery for Plaintiff's claim will focus on Plaintiff's status as an employee, the hours he worked, whether an exemption applies to determine whether he is overtime, and whether any violations by Defendants were willful. Conversely, Defendants' counterclaim would demand entirely different discovery involving Plaintiff's alleged use of Defendant's equipment for his side hustle and his other alleged fraudulent conduct, such as hour padding—not engaged in during the relevant period—while on the job. Therefore, it appears that the "two sets of claims overlap only insofar as each arises from [P]laintiff's employment relationship with [Defendants.]" *Ader*, 324 F. Supp. 3d at 1051 (dismissing the defendant's counterclaim alleging that plaintiff engaged in self-dealing while employed with the defendant, concluding that the counterclaim was insufficiently related to the plaintiff's FLSA claim).

Even if there were a greater nexus between Plaintiff's claim and Defendants' counterclaim, policy considerations nevertheless compel the Court to decline to exercise jurisdiction. This district previously has done so under similar circumstances, noting "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Poehler*, 2015 WL 7299804, at *7 (citations omitted). Accordingly,

**IT IS ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaims (Doc. 17) is **GRANTED**.

Dated this 21st day of May, 2021.

Douglas L. Rayes
United States District Judge