WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Vasquez, | No. CV-21-00320-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Dan Keen Services Incorporated, et al., | |
| Defendants. | |

Plaintiff Corey Vasquez brings, on behalf of himself and all others similarly situated, this action against Dan Keen Services, Inc, Daniel Keen, and Cleo Keen ("Keen") for alleged violations of the Fair Labor Standards Act ("FLSA"). At issue is Plaintiff's motion for conditional certification, (Doc. 16), in which he seeks, *inter alia*, to conditionally certify similarly situated workers as a class for purposes of pursuing a collective FLSA action under 29 U.S.C. § 216(b). The motion is fully briefed (Docs. 16, 26, 30), and neither party requested oral argument. For the following reasons, Plaintiff's motion is granted.

**I. Background**

This case stems from alleged FLSA overtime violations committed by Keen. Plaintiff alleges that Keen, a licensed contracting business, adopted a policy that paid its full-time non-exempt employees as W-2 employees for the first 40 hours worked in a week and as 1099 independent contractors for those hours exceeding 40 to avoid paying its

workers time-and-a-half overtime. On March 23, 2021, Plaintiff filed his motion for conditional certification. (Doc. 16.) The motion seeks certification of the following collective: "All persons who work[ed] for Defendants Dan Keen Services, Inc., Daniel Keen, and/or Cleo Keen; who work[ed] over 40 hours in any given workweek as a past or present employee and/or independent contractor, who is/were classified as both employee and independent contractor; and who did not receive time-and-a-half wages." (*Id.* at 1.)

It also seeks (1) an order directing Keen, within three days of this order, to produce an electronic and importable list (the "List") to Plaintiff's counsel containing the (a) names, (b) mailing addresses, (c) email addresses (work and personal), (d) employee identification number, (e) social security number (last four digits), and (f) dates of employment of all Keen employees, past and present; (2) authorization to send notice and a consent to join form to all individuals appearing on the List by regular U.S. mail and email within seven days of receipt; (3) authorization to send a reminder notice and consent to join form 30 days following the first notice; (4) an order directing Keen to post the proposed notice in a conspicuous location at its facilities during the entirety of the opt-in period; (5) authorization for collective members to execute their consent forms online; (6) an order requiring notice to be included with the first paychecks following the issuance of this order to Keen's current workers; and (7) an order creating a sixty-day notice period for Keen workers to opt-in to the case. (Doc. 16 at 9.)

**II. Legal Standard**

The FLSA prohibits covered employers from employing any employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation[.]" *Id.* § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and on behalf of himself or themselves

and other employees similarly situated." *Id.* Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Id.*

"Section 216(b) does not define 'similarly situated,' and the Ninth Circuit has not construed the term." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). However, "district courts within the Ninth Circuit generally follow the two-tiered or two-step approach for making a collective action determination." *Id.*; *see also Villarreal v. Caremark LLC*, No. Cv-14-00652-PHX-DJH, 2014 WL 4247730, at *3 (D. Ariz. Aug. 21, 2014) ("The majority of courts, including those within the District of Arizona, have adopted the two-tiered approach in deciding whether to grant FLSA collection action status." (internal quotations and alterations omitted)).

Under this approach, the Court first makes an initial "notice stage" determination of whether the plaintiffs are similarly situated. During this first stage, the Court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If the plaintiffs survive this hurdle, the Court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt into the lawsuit. Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify the class filed by the defendant, the Court makes another determination whether the proposed class members are similarly situated; this time, however, the Court applies a much stricter standard to scrutinize the nature of the claims. *Colson*, 687 F. Supp. 2d at 925 (internal citations and some quotations omitted).

Plaintiffs' "burden is light," but conditional certification is "by no means automatic." *Id.* "The level of consideration is . . . akin to a plausibility standard." *Campbell v. City of L.A.*, 903 F.3d 1090, 1109 (9th Cir. 2018.) The allegations need be neither "strong [n]or conclusive;" Plaintiffs need only show "that there is some factual nexus which binds the named plaintiffs and the potential class members together as victims

of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. "Plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members." *Juvera v. Salcido*, 294 F.R.D. 516, 520 (D. Ariz. 2013) (internal quotations omitted).

Whether a collective action should be conditionally certified ultimately is within the discretion of the Court. *Colson*, 687 F. Supp. 2d at 925. But, "[g]iven the light burden, motions to conditionally certify a class . . . are typically granted." *Stickle v. SCI W. Market Support Center, L.P.*, No. 08-083-PHX-MHM, 2009 WL 3241790, at *3 (D. Ariz. Sept. 30, 2009) (citation omitted). The Court should not review the underlying merits of the action, nor should it "resolve factual disputes . . . at the preliminary certification stage of an FLSA collective action." *Id.* at 926. "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kelsey v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014) (internal quotations omitted).

**III. Discussion**

**A. Certification**

Plaintiff has met his low burden for conditional certification. He has produced evidence indicating that he is similarly situated to other Keen employees who worked over 40 hours in any given week. Specifically, Plaintiff has produced evidence suggesting that it was Keen's practice to split its employees' hours into two timesheets—one for the first 40 weekly hours performed and a second for hours over 40—such that its employees did not receive time-and-a-half for overtime hours.[1] (Doc. 16-2 at 2; Doc.16-3.) Plaintiff has therefore made a plausible showing that he and other Keen employees working over 40 hours weekly were the victims of a uniform policy that neglected to provide them overtime compensation.

**B. Notice**

District courts may order notice to inform similarly situated employees of their right to opt into the case. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

---

[1] Keen's arguments going to the merits of Plaintiff's claim are premature.

- 4 -

Plaintiff requests that the Court (1) authorize him to send his proposed notice and consent to join forms to all putative class members, (2) authorize him to send identical reminders to all putative class members, and (3) order Keen to post the notice in a conspicuous location at its workplace and include the notice within its current employees' first paychecks following the issuance of this order. Keen does not object with particularity to these methods of notice, and the Court concludes that they are appropriate. Therefore,

**IT IS ORDERED** as follows:

1. Plaintiff's motion for conditional class certification (Doc. 16) is **GRANTED**.
2. This action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). Covered employees include all persons who work or have worked more than 40 hours in any week for Keen without receiving time-and-a-half compensation.
3. By no later than **May 31, 2021**, Keen shall produce an electronic list to Plaintiff's counsel containing the (a) names, (b) mailing addresses, (c) email addresses, (d) employee identification numbers and (f) dates of employment of all Keen employees, past and present.[2]
4. Plaintiff may send to all potential collective members his proposed initial notice and consent-to-join form (Doc. 16-4) by regular U.S. mail and email by **June 7, 2021**. He may send an identical reminder notice and consent-to-join form no later than **July 7, 2021**.
5. Keen shall be required to post the notice in a conspicuous location at its place of business during the full opt-in period and shall include the notice with the next issued paychecks to its current employees.
6. Collective members shall be given the option to execute their consent forms electronically.

---

[2] The Court concludes that provision of the last four digits of each worker's social security number is unnecessary to achieve Plaintiff's purpose of locating all potential collective members.

7. Collective members shall have until **August 6, 2021** to file their consent form opting-in to this lawsuit.

Dated this 26th day of May, 2021.

                                       Douglas L. Rayes
                                       United States District Judge