WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Vasquez, | No. CV-21-00320-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Dan Keen Services Incorporated, et al., | |
| Defendants. | |

Before the Court is Dan Keen Services, Inc's, Daniel Keen's, and Cleo Keen's ("Keen") motion to dismiss Corey Vasquez's first amended complaint ("FAC"), which is fully briefed. (Docs. 38, 39, 40.) The Court will deny Keen's motion for the following reasons.

This case stems from alleged Fair Labor Standards Act ("FLSA") overtime violations committed by Keen. Mr. Vasquez's FAC is a collective action complaint, which alleges that Keen, a licensed contracting business, adopted a policy that paid him and its other full-time non-exempt employees as W-2 employees for the first 40 hours worked in a week and as 1099 independent contractors for those hours exceeding 40 to avoid paying its workers time-and-a-half overtime. (Doc. 35.) On May 20, 2021, Keen filed its motion to dismiss Mr. Vasquez's FAC, which is now ripe.

Keen primarily seeks to dismiss the FAC by alleging that the case is moot because Mr. Vasquez "was tendered all the monies he claimed to be due and owing for his wage

claim." (Doc. 43 at 4.) Keen's argument is misguided. On March 12, 2021, counsel for Mr. Vasquez emailed counsel for Keen, expressing that Mr. Vasquez had given him authority to make a settlement demand "in the amount of $1,919.75 to Plaintiff and $5,678.40 in attorneys' fees and costs for a total demand of $7,598.15." (Doc. 38 at 11.) Counsel for Keen responded by issuing a check to Mr. Vasquez in the amount of $1,919.76 but did not provide the additional $5,678.40. (*Id.* at 12.) Mr. Vasquez rejected the counteroffer—as he was free to do—and filed the instant lawsuit. Contrary to its argument, Keen's unaccepted settlement offer has no preclusive effect, for "a claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) (emphasis in original).

Next, Keen argues that Mr. Vasquez's FAC is subject to dismissal because the complaint lacks sufficient factual allegations in support, since Mr. Vasquez fails to set forth all the exact dates and hours for which he was not adequately compensated. (Doc. 38 at 8.) To the contrary, Mr. Vasquez has fulfilled his Rule 8 pleading obligations. *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014) ("[W]e decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.") Particularly, Mr. Vasquez has pled that his salary beginning in September 2019 was $15.50 per hour, he routinely worked in excess of forty hours per week, Keen used different timecards to record the first forty hours worked and those in excess of forty, and Keen did not compensate Mr. Vasquez time-and-a-half for overtime hours. (Doc. 35 at 6-7.) Although not required to do so, Mr. Vasquez even provides the hours and compensation from an example workweek—June 6, 2020—to demonstrate the nature of Keen's alleged overtime-pay-avoidant scheme. Keen's second argument lacks merit.

Keen also makes arguments regarding conditional class certification that have been addressed in the Court's May 26, 2021 order granting conditional class certification (Doc.

42) and disputes Mr. Vasquez's entitlement to attorneys' fees prematurely. Finally, Keen attaches affidavits that attack Mr. Vasquez's character and credibility, which are inappropriate and irrelevant on a motion to dismiss. Keen's remaining arguments fail to demonstrate that Mr. Vasquez's complaint fails to state a claim upon which relief can be granted.

**IT IS ORDERED** that Keen's motion to dismiss (Doc. 38) is **DENIED.**

Dated this 1st day of June, 2021.

Douglas L. Rayes
United States District Judge