Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Corey Vasquez**, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>**Dan Keen Services, Inc.**, an Arizona company; **Daniel Keen,** an Arizona resident; and **Cleo Keen,** an Arizona resident;<br><br>Defendants. | Case No. 2:21-CV-00320-DLR<br><br><br><br>**JOINT MOTION TO APPROVE FLSA SETTLEMENT**<br><br><br>**(Assigned to the Hon. Douglas L. Rayes)** |

Pursuant to the Court's Order dated July 30, 2021 (Dkt. 66), Plaintiff Corey Vasquez and the collective members, and Defendants, Dan Keen Services, Inc., Daniel Keen, and Cleo Keen (collectively, "the Parties"), by and through their respective undersigned counsel, jointly move this Court to approve their Settlement and Mutual Release Agreement ("Settlement Agreement") and dismiss this case with prejudice but order that because there is a payment plan, the Court will retain exclusive jurisdiction over this matter, with respect to effectuation and supervising the interpretation, implementation, and enforcement of any settlement including enter judgment against Defendants if they breach

the settlement payment plan. This Motion is supported by the following Memorandum of Points and Authorities and the Court's entire record herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND AND CLAIMS

Plaintiff filed his Complaint on February 23, 2021 (Dkt. 1), alleging Defendants unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

Plaintiff filed his Collective Action Complaint on May 5, 2021 (Dkt. 35), bringing action on behalf of himself and all other similarly situated Collective Members who were not fully compensated their overtime wages.

Plaintiff Corey Vasquez estimates that he was owed around $1,919, in liquidated FLSA damages. Defendants dispute that he was owed anything.

In doing a damage calculation for the other opt-ins, Mr. O'Reilly is estimated to be owed around $500, Mr. Miller is estimated to be owed $500, and it was unknown if the other three opt-ins were owed any damages. Defendants dispute that anyone is owed any amount. To settle all the claims, Defendants agreed to pay $500 to Miller, $500 to O'Reilly, and $1,500 for a pit for the three other opt-ins.

After arms-length negotiation that occurred during private mediation with Burr Shields from Shields Petitti, the Parties have entered into a Settlement Agreement to resolve all claims. The negotiated Settlement Agreement is attached hereto as "**Exhibit 1**." Plaintiffs settled for $37,500. Per Plaintiffs' engagement agreement with their counsel, Plaintiffs' counsel will be entitled to $26,300 in attorneys' fees and costs. Plaintiffs will receive $7,500 divided among Plaintiff Vasquez and the opt-in members.

## II.     ARGUMENT AND CITATION OF LEGAL AUTHORITY

In order to ensure that the employer is relieved of liability in the context of a negotiated settlement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor as provide by 29 U.S.C. § 216(c) or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007). Because Plaintiffs elected to litigate their FLSA claims against Defendants in United States District Court, the Parties request that the Court approve their settlement as set forth in the attached Settlement Agreement.

When employees bring a private action under the FLSA and present a proposed settlement to the district court, the court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See Lynn's*, 679 F.2d at 1353. Settlements may be permissible in the context of a FLSA lawsuit because initiation of the action provides some assurance of an adversarial context in which the employees are likely to be represented by an attorney who can protect their rights; indeed, there is a "strong presumption" in favor of finding such settlements to be fair. *See Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). If a settlement in a FLSA lawsuit reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the district court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's,* 679 F.2d at 1354.

Plaintiffs are represented by experienced counsel, who, in the "adversarial context of a lawsuit," negotiated for Plaintiffs "a reasonable compromise of disputed issues." *Id*. at

1354. "*See Gamble*, 2016 U.S. Dist. LEXIS 90159, 2016 WL 3693743, at *5 (D. Nev. July 11, 2016) (reasoning that an arms-length settlement after hours of negotiations with a third-party neutral is "highly indicative of fairness" (quoting *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007)); *Lynn's Food Stores,* 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness)." *Armes v. Hot Pizzas, LLC*, 2017 U.S. Dist. LEXIS 89920, *6.

Plaintiffs are all receiving equal or in excess to the amount they are owed in liquidated back wages. Defendants are paying all of Plaintiffs costs and attorneys' fees. Plaintiffs' attorneys' fees based on a lodestar rate of $350 per hour spent over 125 hours on this case. *McGlothlin v. ASI Capital Ventures LLC*, 2021 WL 857367 ("Court finds that a reasonable rate for Plaintiff's counsel [Jason Barrat] is $350 per hour"). Plaintiffs' counsel took over a 40% reduction in fees so that a deal could be completed. Therefore, the agreement is fair and equitable, and the Court should approve the FLSA settlement.

### III.   CONCLUSION

For the reasons established above, the parties therefore respectfully request that the Court review the parties' proposed Settlement Agreement and rule that the terms of the agreement represent a fair and equitable resolution of this action. Further, because the Settlement Agreement provides for installment payments the Parties request that the Court enter the attached Proposed Order.

RESPECTFULLY SUBMITTED August 3, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

**LAW OFFICES OF KIMBERLY A. ECKERT**

By: /s/ (w/ permission) Kimberly Eckert
Kimberly A. Eckert
5235 S. Kyrene Rd., Suite 206
Tempe, AZ 85283
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2021, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/ Ashley Peschke